Sondra SAMUELS, Respondent/Cross–Appellant,

v.

AMERICAN FAMILY INSURANCE COMPANY, Appellant/Cross–Respondent.

Nos. WD 63776, WD 63785.

Missouri Court of Appeals, Western District.

April 12, 2005.

Larry D. Coleman, Raytown, for appellant.

Nikki Cannezzaro, Kansas City, for respondent.

PAUL M. SPINDEN, Presiding Judge.

American Family Insurance Company appeals the circuit court's judgment awarding $9155 to Sondra Samuels, American Family's insured, and Samuels cross appeals. Because Samuels' cause of action was purely a creature of statute and because the statute does not support Samuels' cause of action, the court lacked subject matter jurisdiction to rule on Samuels' claim. We, therefore, vacate the circuit court's judgment.

This dispute stems from an automobile collision involving a car that Samuels rented from Avis Rent A Car. Avis sued Samuels after she and American Family refused to pay Avis for the car's damage. Samuels, in turn, sued American Family for vexatious refusal to pay. Several months before trial, American Family paid Avis, and Avis dismissed its lawsuit against Samuels. Samuels, however, persisted in her vexatious refusal to pay claim against American Family.

The parties stipulated that the only issue to be resolved by the circuit court was Samuels' claim for vexatious refusal to pay. The circuit court ruled for Samuels but also determined that American Family's refusal to pay was not vexatious and did not support an award of punitive damages. American Family appealed, and Samuels cross-appealed.

We vacate the circuit court's judgment because it lacked subject matter jurisdiction. The vexatious refusal to pay statute, Section 375.420, RSMo 2000, does not apply to Samuels' case. In authorizing a vexatious refusal to pay claim, the General Assembly made an exception for claims made under "automobile liability insurance" policies:

> In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance *except automobile liability insurance,* if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.[1]

Samuels made her claim under her insurance policy's liability coverage, and American Family agreed that coverage was available under the policy's liability coverage. In describing its "liability coverage," the policy said, "[American Family] will pay damages an insured person is legally liable for because of bodily injury or property damage due to the use of a car or utility trailer." The policy defined a car as an "insured auto, a passenger car, and a utility car," and it defined a passenger car as "a four-wheel car of the private passenger type." Thus, American Family was obligated under its liability coverage to pay for property damage that Samuels caused while operating the Chevrolet Lumina that she had rented from Avis.

Although Section 375.420 includes claims made "under a policy of automobile ...

---

1. We added the emphasis.

insurance," it excludes specifically claims made under "automobile liability insurance." Samuels' statutory claim for vexatious refusal to pay, therefore, was not authorized, and the circuit court should have dismissed her claim. We, therefore, vacate the circuit court's judgment, and we deny Samuels' motion for attorney fees.

VICTOR C. HOWARD, Judge, and THOMAS H. NEWTON, Judge, concur.